IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GEORGIA ADVOCACY OFFICE, INC. | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE |
| v. | ) ) ) | |
| ICAN! THINK POSITIVE COUNSELING AND COACHING SERVICES, LLC, and TINITA SIMMONDS, in her official capacity as Registered Agent, Assurance Consulting, LLC. | ) ) ) ) ) ) ) ) | |
| Defendants. | | |

## COMPLAINT

COMES NOW Plaintiff Georgia Advocacy Office, Inc. ("GAO"), by and through counsel, and respectfully files this complaint and alleges as follows:

## INTRODUCTION

Plaintiff brings this action for injunctive and declaratory relief to redress the Defendants' refusal to provide Plaintiff, the designated Protection and Advocacy System for the State of Georgia, access to Defendants' client records for the

purposes of conducting an investigation of possible abuse or neglect of a person with mental illness pursuant to the Protection and Advocacy for Individuals with Mental Illness Act, 42 U.S.C. §§ 10801, et seq. (hereinafter "PAIMI Act").

## JURISDICTION AND VENUE

The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 as this case arises under the laws of the United States, including, without limitation, 42 U.S.C. §§10801 et seq. and 15001 et seq.

1.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1). Defendants reside in and operate in the Northern District of Georgia.

## PARTIES

2.

Plaintiff GAO is a private, non-profit Georgia corporation which provides protection and advocacy services to individuals with disabilities.  GAO has been designated by the State of Georgia since 1977 as its protection and advocacy system ("P&A") to protect the legal and human rights of individuals with disabilities in the State of Georgia pursuant to the Protection and Advocacy for Individuals with Mental Illness Act, 42 U.S.C. § 10801 et seq., the Developmental Disabilities

Assistance and Bill of Rights Act of 2000, 42 U.S.C. § 15001 et seq., and the Protection and Advocacy for Individual Rights Program of the Rehabilitation Act, 29 U.S.C. § 794e ("P&A Acts").

3.

GAO receives federal funding to provide protection and advocacy services to people with disabilities in Georgia pursuant to the P&A Acts.

4.

The P&A has the authority to pursue administrative, legal and other appropriate remedies to ensure the protection of individuals with disabilities and mental illness in the State.  42 U.S.C. §10805(a)(1)(B); 42 U.S.C. §15043(a)(2)(A)(i).

5.

Under its federal mandate, the P&A has authority to investigate specific incidents of abuse and neglect to protect the rights and safety of individuals with disabilities.  42 U.S.C. §10805(a); 42 U.S.C. §15043(a)(2)(B).

6.

To fulfill this federal mandate, the P&A must have access to records in order to protect the legal and human rights of individuals with disabilities. 42 U.S.C.

§10805(a); 42 U.S.C. §15043(a)(2).

7.

When a complaint or report has been received by the P&A system regarding the death of an individual with mental illness and the P&A has determined that there is probable cause to believe that the individual has been subject to abuse or neglect, the P&A shall have access to the records of that individual. Consent from another party is not required for the P&A to access those records where the deceased individual does not have a legal guardian. *See* 42 C.F.R. § 51.41.

8.

Defendant Tinita Simmonds, is being sued in her official capacity as the Registered Agent of iCan! Think Positive Counseling and Coaching Services, LLC Hereinafter "iCan!") which is located at 5405 Memorial Drive, Building C, Stone Mountain, GA 30083 and is subject to the jurisdiction of this Court.

9.

Defendant iCan! is a Georgia Limited Liability Corporation doing business at 5405 Memorial Drive, Building C, Stone Mountain, GA 30083 and is subject to the jurisdiction of this Court.

## **FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

10.

GAO regularly receives complaints and information regarding deaths.

11.

GAO investigates deaths and incidents where the P&A determines, based on the information received, and in light of knowledge and experience, there is probable cause to believe that abuse and/or neglect has occurred.

12.

In the course of an investigation into the death of a PAIMI-eligible individual, 42 CFR 51.41 provides that access to requested records shall be extended promptly to all authorized agents of a P&A system.

13.

GAO requires all requested documentation, *in full*, in order to conduct a thorough investigation of incidents of abuse, neglect and death, to identify systemic problems and patterns, and to seek appropriate remedies for individual and systemic harms and rights violations as mandated by Congress.

14.

On November 1, 2018, GAO received a Critical Incident Report from the

Georgia Department of Behavioral Health and Developmental Disabilities regarding the death of Alexandra Mail-Lopez, who was receiving behavioral health services through iCan! at the time of her death.

15.

Alexandra Mail-Lopez was a person with a mental illness, and eligible for protection and advocacy services from GAO pursuant to the Protection and Advocacy for Individuals with Mental Illness Act of 1986 (PAIMI Act), 42 U.S.C. §§ 10801 et seq., and its implementing regulations at 42 C.F.R. §§ 51 et seq.

16.

GAO considered the information contained in the Critical Incident Report in light of the P&A's knowledge and experience, made a determination that probable cause exists to believe Ms. Mail-Lopez may have been subject to abuse or neglect, and subsequently opened an investigation into the matter of her death.

17.

On November 5, 2018, GAO sent a letter to Defendant Tinita Simmonds of iCan! requesting access to documents pertaining to Ms. Mail-Lopez, specifically, Recovery Plan and/or Treatment Plan; Therapy notes from June 12, 2018 through

July 25, 2018; Psychiatric Assessment and Evaluation; Safety, Self-Harm and Suicide Prevention Plans; BPS and ANS Assessments; Name and Address of the Transitional Home; Name of EMS Company.

23.

After receiving no response from Defendants Tinita Simmonds and/or iCan! regarding the death of Ms. Mail-Lopez, GAO sent follow-up letters requesting records on November 15, 2018 and December 4, 2018.

18.

After continuing to receive no response to letters requesting records, GAO Litigation Director, Devon Orland, spoke with Defendant Tinita Simmonds of iCan! via telephone on December 14, 2018.

19.

Following the telephone conversation of December 14, 2018, Defendant Tinita Simmonds emailed GAO multiple times stating she would place the requested documents in the mail.

20.

On or before January 8, 2019, GAO received documents pertaining to Ms. Mail-Lopez from Defendant. The documents were heavily redacted, with large

portions of pertinent information necessary in conducting a death investigation removed.

21.

On January 8, 2019, GAO again advised Defendant of GAO's access authority as the designated P&A within the state of Georgia, and notified Defendant that the provision of redacted records does not satisfy Defendants' obligation to provide records under the P&A Acts.

22.

On the same date, Devon Orland received a follow-up email from Carmelia Jackson, Esq., counsel to Ms. Simmonds. In her email, Ms. Jackson asserts that, through the provision of redacted records, Defendant made attempts to comply with GAO's request for records. Ms. Jackson further states the GAO has not provided documentation from Ms. Mail-Lopez's estate consenting to the release of said documents, and Ms. Simmonds is unwilling to provide any therapy notes or any other documentation containing references to substance abuse or communicable diseases because, in her opinion, the privilege between Ms. Mail-Lopez and Defendants survives death.

23.

Defendants have been provided with citation to, and explanation regarding access authority under the P&A acts, and continue to deny GAO access to unredacted records pertaining to Ms. Mail-Lopez.

## COUNT I

## THE DEFENDANTS HAVE VIOLATED, AND CONTINUE TO VIOLATE, THE PROTECTION AND ADVOCACY FOR INDIVIDUALS WITH MENTAL ILLNESS (PAIMI) ACT, BY DENYING GAO'S ACCESS TO RECORDS.

24.

The allegations set forth in the numbered paragraphs hereinabove are incorporated herein as fully as if set forth verbatim.

25.

GAO is a Protection and Advocacy system as such term is used in the P&A Acts.

26.

Pursuant to the PAIMI Act, 42 U.S.C. §15043(a)(2)(A)(i), a P&A system such as GAO "must have the authority to pursue legal, administrative, and other

appropriate remedies or approaches to ensure the protection of, and advocacy for, the rights of [individuals with mental illness] within the State…."

27.

Pursuant to the PAIMI Act, 42 U.S.C. § 51.41 (b)(2) a P&A system such as GAO shall have access to records when there is "probable cause to believe that the death of an individual with a developmental disability resulted from abuse or neglect…"

28.

Because Defendants iCan! and Tinita Simmonds have repeatedly refused to comply with GAO's request for records pertaining to the death of Alexandra Mail-Lopez, Defendants have denied GAO's statutory right and mandate to investigate incidences where there is probable cause to suspect abuse and neglect, and are interfering with GAO's ability to perform its obligations under the P & A Acts.

## COUNT II

**THE DEFENDANTS ARE LIABLE TO GAO FOR ATTORNEY'S FEES BY UNREASONABLY EXTENDING THE PROCEEDINGS THROUGH THEIR REFUSAL TO RESPOND TO NUMEROUS REQUESTS FOR RECORDS.**

29.

The Defendants have unreasonably delayed proceedings by not responding

10

to, and subsequently refusing to comply with, requests for documents pertaining to Alexandra Mail-Lopez sent on November 5, November 14, December 4, December 20, 2018, and on January 8, and January 14, 2019.

30.

Under 28 U.S.C. § 1927, "any attorney or other person....who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

31.

The costs, expenses, and attorneys' fees have been incurred by GAO as a result of Defendants' failure to comply with the clear letter of the law.

32.

GAO moves the court pursuant to 28 U.S.C § 1927 for an award of costs, expenses, and attorneys' fees incurred because of conduct by the Defendant, which multiplied the proceedings unreasonably and vexatiously.

**WHEREFORE**, Plaintiff GAO prays that the Court will grant the following relief:

1. Declare that Defendants have violated the rights of Plaintiff under P&A Acts by unreasonably delaying Plaintiff's access to records.

2. Preliminarily and permanently enjoin Defendants and their successors from denying GAO full access to unredacted records pertaining to Alexandra Mail-Lopez.

3. Award GAO litigation costs and expenses, including reasonable attorneys' fees.

4. Provide such other and further relief as the Court may deem just and proper.

Respectfully submitted, this 15th day of January, 2019

s/Anne J. I. Kuhns
Georgia Bar No. 149200
Attorney for Georgia Advocacy Office
Georgia Advocacy Office, Inc.
One West Court Square, Suite 625
Decatur, GA 30030
Telephone:   (404) 885-1234
Fax:          (404) 378-0031
Email:        akuhns@thegao.org